IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

TOMMIE JARED LOWDER                                          PLAINTIFF

            v.                      Civil No. 06-5031

SHERIFF TIM HELDER;
DEPUTY FOSTER; DEPUTY
WHITMILL; DEPUTY BALL;
and DEPUTY GOODHEART                                    DEFENDANTS

## **REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Tommie Jared Lowder, an inmate in the San Francisco County Jail, filed this civil rights action pursuant to 42 U.S.C. § 1983 on February 9, 2006. When he filed the case, he was proceeding pro se and in forma pauperis (IFP). On May 2, 2006, he filed the instant motion for preliminary injunction (Doc. 16). At the time, although service of the complaint had been directed on the defendants by order entered on March 30, 2006 (Doc. 13), no proof of service had yet been filed and defendants had not yet filed an answer.

On May 12, 2006, counsel entered an appearance on plaintiff's behalf. (Doc. 21). On May 16, 2006, an answer was filed on behalf of separate defendants Sheriff Helder and Deputy Foster (Doc. 22). A motion to quash service on the remaining defendants was granted by order entered on June 2, 2006 (Doc. 25). Sheriff Helder and Deputy Foster have been directed to provide the court with the current, or last known, addresses of the remaining defendants by June 21, 2006 (Doc. 25). Before the undersigned is Lowder's motion for a preliminary injunction (Doc. 16).

AO72A
(Rev. 8/82)

## DISCUSSION

According to the allegations of the complaint, in November of 2000, Lowder was in custody at the Washington County Detention Center (WCDC) in Fayetteville, Arkansas. Upon being booked in and classified, Lowder alleges he revealed that he was a homosexual and requested protective custody or administrative segregation. Lowder alleges his request was disregarded and he was placed in a unit with felony sex offenders. Lowder alleges he was housed alone with a man who sexually assaulted him causing him severe physical, mental, and emotional injury.

Whenever he is detained at the WCDC, Lowder alleges he is intentionally harassed by deputies. Lowder indicates the last time this occurred was in June of 2005. According to Lowder, the intent of the deputies is to endanger Lowder's safety in front of other inmates.

Finally, Lowder alleges that in retaliation for other claims, in June of 2005, he was placed unnecessarily in a safety cell. Lowder alleges he was digitally searched, deprived of access to drinking water or a toilet, clothing, a blanket, and a mattress for nine days.

As relief, Lowder requests that his current charges in Washington County, residential burglary and possession of a controlled substance, be moved or overseen by a San Francisco Court. Lowder also asks for compensation for the deliberate indifference to his safety, the physical injuries he has received, and the mental anguish and public humiliation he has suffered.

In his motion for preliminary injunction, Lowder asks that defendants be enjoined from further prosecuting him on the Arkansas state criminal charges. Lowder indicates he could plea to the criminal charges from California. He asks that defendants be enjoined from extraditing him from California.

AO72A
(Rev. 8/82)

In deciding a motion for a temporary restraining order or a preliminary injunction, the courts are instructed to consider what have come to be known as the *Dataphase* factors: (1) the probability of success on the merits;(2) the threat of irreparable harm to the movant; (3) the balance between this harm and the injury that granting the injunction will inflict on other interested parties; and (4) whether the issuance of an injunction is in the public interest. *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir.1981) (en banc). *See also Minnesota Mining and Mfg. Co. v. Rauh Rubber, Inc.*, 130 F.3d 1305, 1307 (8th Cir.1997); *Sanborn Mfg. Co., Inc. v. Campbell Hausfeld/Scott Fetzer Co.*, 997 F.2d 484, 485-86 (8th Cir.1993). No single factor in itself is dispositive; rather, each factor must be considered to determine whether the balance of equities weighs toward granting the injunction. *See Sanborn*, 997 F.2d at 486; *Calvin Klein Cosmetics Corp. v. Lenox Lab., Inc.*, 815 F.2d 500, 503 (8th Cir.1987).

"In *Younger v. Harris*, 401 U.S. 37, 43-44, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971), the Supreme Court advanced the position that federal courts should refrain from interfering with pending state judicial proceedings absent extraordinary circumstances." *Harmon v. City of Kansas City*, 197 F.3d 321, 325 (8th Cir. 1999). Abstention under *Younger* "is warranted if the action complained of constitutes the basis of an ongoing state judicial proceeding, the proceedings implicate important state interests, and an adequate opportunity exists in the state proceedings to raise constitutional challenges." *Id.* (*citing Fuller v. Ulland*, 76 F.3d 957, 959 (8th Cir. 1996)).

Here, Lowder asks us to interfere with an ongoing state criminal prosecution. He argues that there is a real and immediate threat of irreparable injury. Specifically, he asserts the "real

and immediate threat" is the possibility that he will be delivered via extradition into the custody of the defendants. He maintains the defendants have violated his constitutional rights on more than one occasion.

Lowder has indicated the charges have already been filed against him in Washington County, Arkansas. The prosecution of those charges is in the hands of the prosecuting attorney's office not the defendants. To grant Lowder's request for an injunction would interfere with pending state proceedings in a way that would offend principles of comity and federalism. *See e.g., Night Clubs, Inc. v. City of Fort Smith*, 163 F.3d 475 (8th Cir. 1998). We cannot grant the requested relief as this action would interfere in ongoing state criminal proceedings.

## CONCLUSION

I therefore recommend Lowder's motion for an injunction or temporary restraining order be denied.

**The parties have ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 16th day of June 2006.

/s/ Beverly Stites Jones
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)